UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.  5:17-cv-190-TBR

[Filed Electronically]

| | | |
|---|---|---|
| JUDY CARTWRIGHT, as Administratrix of the Estate of Triston Lamark Taylor | | PLAINTIFF |
| VS. | | |
| **CHRISTIAN COUNTY, KENTUCKY** | | |
| Serve: | Steve Tribble<br>Christian County Judge Executive<br>515 Weber Street<br>Hopkinsville, Kentucky 42240 | DEFENDANT |
| **CHRISTIAN COUNTY FISCAL COURT** | | |
| Serve: | Steve Tribble<br>Christian County Judge Executive<br>515 Weber Street<br>Hopkinsville, Kentucky 42240 | DEFENDANT |
| **CHRISTIAN COUNTY JAIL** | | |
| Serve: | Brad Boyd<br>Christian County Jail<br>410 W 7th St<br>Hopkinsville, KY 42240 | |
| **BRAD BOYD, Individually and in his Official Capacity as Christian County Jailer** | | |
| Serve: | Brad Boyd<br>Christian County Jail<br>410 W 7th St<br>Hopkinsville, KY 42240 | DEFENDANT |
| **ADVANCED CORRECTIONAL HEALTHCARE, INC.**<br>3922 W. Baring Trace<br>Peoria, IL 61615-2500 | | DEFENDANT |
| Serve: | C T CORPORATION SYSTEM<br>306 W MAIN ST<br>SUITE 512<br>FRANKFORT, KY 40601 | |

1

## COMPLAINT

Plaintiff, Judy Cartwright, in her capacity as Administratrix of the Estate of Triston Lamark Taylor, for her Complaint, states as follows:

### JURISDICTION AND VENUE

1. Plaintiff, Judy Cartwright, seeks damages from Defendants under 42 U.S.C. § 1983 for actions at the Christian County Jail that were deliberately indifferent to and in violation of the rights guaranteed Triston Lamark Taylor by the Eighth and Fourteenth Amendments to the United States Constitution, resulting in his death.  This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 and § 1343.  This Court has jurisdiction over the state law claims, below, pursuant to 28 U.S.C. § 1367, because the claims form part of the same case and controversy as the above federal action.  Venue is proper in this district, pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in Christian County, Kentucky.

### PARTIES

2. Plaintiff, Judy Cartwright, is a resident of Henderson County, Kentucky and is the mother of Triston Lamark Taylor, deceased.  Judy Cartwright was appointed as Administratrix of the Estate of Triston Lamark Taylor by an Order of the Henderson District Court entered June 29, 2017.  Triston Lamark Taylor was a resident of Henderson County, Kentucky at the time of his death on April 17, 2017.

3. Defendants, Christian County, Kentucky, Christian County Fiscal Court, and the Christian County Jail, are governmental entities that, pursuant to the Kentucky Constitution, Kentucky Revised Statutes, and Kentucky Administrative Regulations, are

responsible for the incarceration of prisoners arrested in Christian County, operated and managed the Christian County Jail, and established or failed to establish policies and procedures for the screening, hiring, employment, retention, supervision, training, and conduct of the Christian County Jailer, and employees, officers, deputies and any medical staff at the Christian County Jail.

4. Defendant, Brad Boyd, is a resident of Christian County and on the date of Triston Lamark Taylor 's death was acting in his individual and/or official capacity as the Jailer of Christian County, Kentucky and was responsible for the incarceration of prisoners arrested in Christian County, operated and managed the Christian County Jail, and established or failed to establish policies and procedures for the screening, hiring, employment, retention, supervision, training, and conduct of the employees, officers, deputies and any medical staff at the Christian County Jail.

5. Defendant, Advanced Correctional Healthcare, Inc., is a foreign corporation that, on the date of Triston Lamark Taylor 's death, provided medical services and medical personnel to Christian County, Kentucky, Christian County Fiscal Court, and the Christian County Jail regarding prisoners arrested in Christian County, and established or failed to establish policies and procedures for the screening, hiring, employment, retention, supervision, training, and conduct of the employees, doctors, nurses and any other medical staff at the Christian County Jail.

## FACTS AND ALLEGATIONS

6. Plaintiff realleges and incorporates by reference each paragraph of this Complaint, above, as though fully set forth herein.

7. On September 29, 2016, Triston Lamark Taylor, a twenty-seven-year-old African-American, was arrested in Christian County, Kentucky on a charge of Assault, Second Degree. At the time of his arrest, his weight was noted as 350 pounds. He was lodged in the Christian County Jail, in Christian County, Kentucky.

8. Defendants knew that Triston Lamark Taylor had a history of mental problems because, among other things, while incarcerated in the Christian County Jail, Triston Lamark Taylor was sent on two occasions to the Kentucky Correctional Psychiatric Center in La Grange, Kentucky for psychiatric evaluations.

9. At approximately 8:37 a.m. on April 17, 2017, the Hopkinsville Ambulance Service received a call and was dispatched to the Christian County Jail. Upon arrival, Hopkinsville Ambulance Service paramedics found Triston Lamark Taylor lying supine on the floor, unresponsive, and cardiac rhythm was asystole. He was transported by ambulance to Jennie Stuart Medical Center. The hospital called his time of death at 9:10 a.m. on April 17, 2017.

10. A postmortem examination, conducted on April 18, 2017 by the Western Kentucky Regional Medical Examiner's Office, indicated Triston Lamark Taylor died of malnutrition/starvation and documented his weight at 258 pounds.

11. The postmortem examination documented injuries consistent with Triston Lamark Taylor having been sexually assaulted. A sexual assault kit was collected at the time of the autopsy.

12. While acting under color of law of Christian County and the Commonwealth of Kentucky, Defendants, and each of them, were deliberately indifferent to Triston Lamark Taylor's serious medical needs, acted with deliberate indifference to Triston Lamark

Taylor's health and safety by failing to protect Triston Lamark Taylor from sexual assault, failed to properly train and supervise the conduct of the personnel of the Christian County Jail and Advanced Correctional Healthcare, Inc., failed to adopt policies and procedures to prevent violations of his constitutional rights, failed to establish policies and procedures for the screening, hiring, employment, retention, supervision, training, and conduct of the employees, officers, deputies and any medical staff at the Christian County Jail, and failed to adhere to training, policies and procedures adopted to prevent violations of his constitutional rights.  Defendants' deliberate indifference and intentional, grossly negligent, negligent and/or objectively unreasonable conduct demonstrate Defendants breached their duty of care in their ministerial acts to provide for Triston Lamark Taylor's medical needs, health, and safety, and, as to their discretionary acts, acted in bad faith by demonstrating deliberate indifference to Triston Lamark Taylor's serious medical needs, health and safety.

13. As a direct and proximate result of the above deliberate indifference, reckless disregard, negligence, gross negligence, intentional, willful and/or wrongful acts of the Defendants, resulting in the death of Triston Lamark Taylor, Plaintiff is entitled to an award of actual, compensatory, general, special, and punitive damages.

**COUNT I – 42 U.S.C. § 1983**
**Deliberate Indifference-**
**Serious Medical Needs**

14. Plaintiff realleges and incorporates by reference each paragraph of this Complaint, above, as though fully set forth herein.

15. The facts and allegations above demonstrate the Defendants were unresponsive to the serious medical needs of Triston Lamark Taylor and failed to secure necessary medical

attention resulting in a denial of medical care to Mr. Taylor, resulting in his death. Plaintiff believes Mr. Taylor's mistreatment was the result of a continued pattern of misconduct by the Defendants in intentionally, with reckless disregard, or with deliberate indifference, ignoring the serious medical needs of the pretrial detainees and inmates of Christian County Jail.

16. Defendants' conduct was intentional, reckless, deliberate, wanton and/or malicious and, therefore, rises to the level of reckless disregard of, and deliberate indifference to, the Constitutional right of Mr. Taylor to receive appropriate medical care while incarcerated in the Christian County Jail.

17. As a direct and proximate result of the above acts by the Defendants, and each of them, Triston Lamark Taylor was subjected to cruel and unusual punishment, and deprived of his life, in violation of the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

## COUNT II – 42 U.S.C. § 1983
### Deliberate Indifference- Failure to Protect from Harm

18. Plaintiff realleges and incorporates by reference each paragraph of this Complaint, above, as though fully set forth herein.

19. The facts and allegations above demonstrate the Defendants acted with deliberate indifference to Triston Lamark Taylor's health and safety by failing to protect Triston Lamark Taylor from sexual assault.

20. Defendants knew Triston Lamark Taylor was at a substantial risk of serious harm and assault due to his mental health history. Defendants knew that Triston Lamark Taylor had a history of mental problems because, among other things, while incarcerated in the Christian County Jail, Triston Lamark Taylor was sent on two occasions to the Kentucky

6

Correctional Psychiatric Center in La Grange, Kentucky for psychiatric evaluations. Defendants acted with deliberate indifference by disregarding the substantial risk of serious harm to Triston Lamark Taylor.

21. Defendants' conduct was intentional, reckless, deliberate, wanton and/or malicious and, therefore, rises to the level of reckless disregard of, and deliberate indifference to, the Constitutional rights of Triston Lamark Taylor while incarcerated in the Christian County Jail.

22. As a direct and proximate result of the above acts by the Defendants, and each of them, Triston Lamark Taylor was subjected to cruel and unusual punishment in that he was subjected to sexual assault, in violation of the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

## COUNT III – Wrongful death

23. Plaintiff realleges and incorporates by reference each paragraph of this Complaint, above, as though fully set forth herein.

24. As a direct and proximate result of the above negligence, gross negligence, intentional, willful and/or wrongful acts, with the reckless disregard and deliberate indifference of the Defendants, and each of them, resulting in the death of Triston Lamark Taylor, Plaintiff demands damages for the destruction of Triston Lamark Taylor's power to earn money, loss of earnings and income he would have earned over the remainder of his anticipated life, actual, compensatory, and punitive damages, funeral and burial expenses, attorney's fees, costs and expenses, pursuant to KRS 411.130.

### COUNT IV – Survival Action

25. Plaintiff realleges and incorporates by reference each paragraph of this Complaint, above, as though fully set forth herein.

26. As a direct and proximate result of the above negligence, gross negligence, intentional, willful and/or wrongful acts, with the reckless disregard and deliberate indifference of the Defendants, and each of them, resulting in Triston Lamark Taylor being forced to endure severe mental and physical anguish, and pain and suffering, prior to and leading up to his death, pursuant to KRS 411.140, Plaintiff demands damages for actual, compensatory, general, special, and punitive damages, funeral and burial expenses, attorney's fees, costs and expenses.

### COUNT V – Negligence

27. Plaintiff realleges and incorporates by reference each paragraph of this Complaint, above, as though fully set forth herein.

28. As a direct and proximate result of the above negligence, gross negligence, and intentional, wanton, and with reckless disregard, acts of the Defendants, and each of them, resulting in the death of Triston Lamark Taylor, and, in the case of the medical professionals responsible for Mr. Taylor's medical care, including Advanced Correctional Healthcare, Inc. and its employees, nurses and doctors, who failed to meet the standard of care applicable to their professions, Plaintiff demands actual, compensatory, general, special, and punitive damages, funeral and burial expenses, attorney's fees and costs and expenses.

**WHEREFORE**, Plaintiff, Judy Cartwright, in her capacity as Administratrix of the Estate of Triston Lamark Taylor, demands trial by jury, actual, compensatory, general, special, and punitive damages, funeral and burial expenses, attorney's fees, costs, expenses, pre- and post-judgment interest on all sum awarded, and all such other relief which Plaintiff, Triston Lamark Taylor and his estate are entitled under law or equity.

Respectfully Submitted,

BY:  /s/ Greg L. Gager
Greg L. Gager
Robert John & Associates, P.C.
319 N.W. Martin Luther King, Jr. Blvd
Evansville, IN  47708
Telephone:  (812) 425-2718
Facsimile:  (812) 425-2874
Email:  greg@rjohnlaw.com
ATTORNEY FOR PLAINTIFF